KNOLL, Judge,
dissenting.
For the following reasons, I respectfully dissent. The majority finds that a reasonable trier of fact could not have found Ronald L. Babineaux, the juvenile, guilty beyond a reasonable doubt of committing a delinquent act. In making this determination, I find that the majority second-guessed the trier of fact’s credibility determination, and does not follow the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), that the evidence be viewed in the light most favorable to the State.
The majority implies that the investigating officer’s identification by reference to a scar on the lip was contrived after both twins were viewed by him close-up in the courtroom. To the contrary, I find Officer Jackson’s testimony was strengthened by this additional evidence because, the record shows that at the time this added physical observation was made, Officer Jackson was not yet aware that defense counsel had the non-charged identical twin sitting next to him, and thus did not know that his earlier identification was incorrect. When faced shortly thereafter with the inaccuracy of his identification, Officer Jackson candidly admitted his error and without hesitation identified defendant, the one with a scar on his lip, as the one from whom he purchased the cocaine. If the sequence of events at trial had been reversed, i.e., the witness would have known of his misidentification of the twins prior to remembering the scar on the lip, only then would the majority’s characterization of Officer Jackson’s testimony be valid.
The juvenile court was in the best position to evaluate Officer Jackson’s credibility and demeanor. In light of Officer Jackson’s positive identification of Ronald L. Babineaux as the perpetrator, prior to finding out that defense counsel had switched the twins, I find that the State proved the juvenile’s guilt beyond a reasonable doubt. Accordingly, I would affirm the juvenile court’s adjudication of Ronald L. Babineaux as a delinquent child.